IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 541 VACATION-HOLIDAY FUND, a Trust Fund, | ) ) ) ) |
| and | ) ) |
| DANIEL B. GERCONE and GREGORY S. DAVEY, TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 541 VACATION-HOLIDAY FUND, | ) ) ) ) ) |
| and | ) ) |
| MO-KAN TEAMSTERS APPRENTICESHIP AND TRAINING FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| DANIEL B. GERCONE and FLORIAN ROTHBRUST, TRUSTEES OF THE MO-KAN TEAMSTERS APPRENTICESHIP AND TRAINING FUND, a Trust Fund, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| **LANEY DIRECTIONAL DRILLING CO.** **[SERVE: C.T. Corporation System Registered Agent 120 South Central Avenue Clayton, MO 63105]** | ) ) ) ) ) ) |
| Defendant. | ) |

# C O M P L A I N T

### COUNT I

Come now Plaintiffs, Teamsters Local Union No. 541 Vacation-Holiday Fund, a Trust Fund, and Daniel B. Gercone and Gregory S. Davey, duly appointed and acting Trustees of Teamsters Local Union No. 541 Vacation-Holiday Fund who are authorized to maintain this

action on behalf of the Vacation Fund and all the Trustees of Teamsters Local Union No. 541 Vacation-Holiday Fund, and, for their cause of action under Count I against Defendant, state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. 1132 and 29 U.S.C. 1145.

2. Plaintiffs, Daniel B. Gercone and Gregory S. Davey, are duly appointed and acting Trustees of the Teamsters Local Union No. 541 Vacation-Holiday Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Teamsters Local Union No. 541 Vacation-Holiday Fund; Plaintiff, Teamsters Local Union No. 541 Vacation-Holiday Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1003.

3. Said Plaintiff Fund was established on October 13, 1970, pursuant to the collective bargaining agreement between the Heavy Constructors Association of Missouri (hereinafter referred to as "Association") and Local Union No. 541, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. 1132(h)

by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant is a Missouri company, doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed Teamsters performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. 151, and 29 U.S.C. 185.

8. Defendant on or about **July 15, 2014**, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between The Pipeline Contractors Association (PLCA) and the Union; that Defendant is thereby bound by all collective bargaining agreements in effect on said dates and subsequent thereto.

9. Teamster employees of the Defendant were employed under the terms of the collective bargaining agreements between PLCA and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements from **July 15, 2014,** to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **January 1, 2016,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **January 1, 2016**, to date.

11. That the Defendant is required by Section 209 of ERISA, 29 U.S.C. 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

12. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

13. An audit of Defendant's books and records for the period **September 1, 2013 through December 31, 2015** TEN THOUSAND, EIGHT HUNDRED TWENTY-EIGHT AND 00/100 **($10,828.00)** DOLLARS in unpaid fringe benefit contributions, ONE THOUSAND, EIGHT HUNDRED FORTY-NINE AND 44/100 **($1,849.44)** DOLLARS as and for liquidated damages and FIVE HUNDRED FORTY-SIX AND 17/100 **($546.17)** DOLLARS as and for interest.

14. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the

employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

15. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

16. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

17. Defendant is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

18. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2016,** to date; and

B.　For judgment against Defendant in the amount of **TEN THOUSAND, EIGHT HUNDRED TWENTY-EIGHT AND 00/100 ($10,828.00) DOLLARS** in unpaid fringe benefit contributions**, ONE THOUSAND, EIGHT HUNDRED FORTY-NINE AND 44/100 ($1,849.44) DOLLARS** as and for liquidated damages and **FIVE HUNDRED FORTY-SIX AND 17/100 ($546.17) DOLLARS** as and for interest due and owing for the period **September 1, 2013 through December 31, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2016,** to date; and

C.　For judgment against Defendant for liquidated damages; and

D.　For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.　For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.　For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.　For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.　For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.　For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

**COUNT II**

Come now Plaintiffs, Mo-Kan Teamsters Apprenticeship and Training Fund, a Trust Fund, and Daniel B. Gercone and Florian Rothbrust, duly appointed and acting Trustees of the Mo-Kan Teamsters Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Mo-Kan Teamsters Apprenticeship and Training Fund, and, for their cause of action under Count II against Defendant, states:

1. Plaintiffs, Daniel B. Gercone and Florian Rothbrust, are duly appointed and acting Trustees of the Mo-Kan Teamsters Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Mo-Kan Teamsters Apprenticeship and Training Fund; Plaintiff Teamsters Mo-Kan Teamsters Apprenticeship and Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on July 1, 2006, pursuant to the collective bargaining agreement between The Builders' Association, the Heavy Constructors Association of the Greater Kansas City Area (hereinafter referred to as "Association") and Building Material, Excavating, Heavy Haulers, Drivers, Warehousemen and Helpers Local Union No. 541, affiliated with the International Brotherhood of Teamsters (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **September 1, 2013 through December 31, 2015** shows that Defendant owes Plaintiffs **TWO THOUSAND, FOUR HUNDRED THIRTY-SIX AND 30/100 ($2,436.30) DOLLARS** in unpaid fringe benefit contributions, **FOUR HUNDRED SIXTEEN AND 12/100 ($416.12) DOLLARS** as and for liquidated damages and **ONE HUNDRED TWENTY-TWO AND 89/100 ($122.89) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17) and Eighteen (18) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid PLCA from **January 1, 2016,** to date; and

B. For judgment against Defendant in the amount of **TWO THOUSAND, FOUR HUNDRED THIRTY-SIX AND 30/100 ($2,436.30) DOLLARS** in unpaid fringe benefit contributions, **FOUR HUNDRED SIXTEEN AND 12/100 ($416.12) DOLLARS** as and for liquidated damages and **ONE HUNDRED TWENTY-TWO AND 89/100 ($122.89) DOLLARS** as and for interest due and owing for the period **September 1, 2013 through December 31, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2016,** to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.	For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.	For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.	For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.	For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.	For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.	For judgment against Defendant for costs incurred in this action; and

K.	For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

*/s/ Michael G. Newbold*
Michael G. Newbold, No. 25523

*/s/ John J. Westerhaus*
John J. Westerhaus, No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri 64105-5178
(816) 421-5788
FAX (816) 471-5574
Attorneys for Plaintiffs

{00299776;T16-156;DMF }